# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bryan Oliver,<br><br>        Plaintiff,<br><br>v.<br><br>Honeywell International Inc.,<br><br>        Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

Defendant Honeywell International Inc. ("Defendant") removes to the United States District Court for the District of Minnesota, the action entitled *Bryan Oliver v. Honeywell International Inc.*, currently pending in Hennepin County District Court, Fourth Judicial District, State of Minnesota. As grounds for removal, Defendant states as follows:

1. Plaintiff Bryan Oliver ("Plaintiff") sued Defendant when he served his state court Summons and Complaint on August 26, 2021. It appears that the Summons and Complaint have not been filed with the Hennepin County District Court.

2. Plaintiff and Defendant have agreed to an extension of time for Defendant to answer the Complaint.

3. No further substantive proceedings have taken place in this action since August 26, 2021. As required under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached as **Exhibit A**.

4. Plaintiff's Complaint alleges a claim under the Minnesota Whistleblower Act.

5. Under 28 U.S.C. §§ 1441 and 1446, removal is timely if it is filed within 30 days after a defendant is served with a summons and the initial pleading. Defendant is timely filing this removal within 30 days of proper service.

6. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity), and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.

**Diversity Jurisdiction**

7. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy exceed $75,000.

8. Plaintiff is a citizen and resident of the State of Minnesota. (Compl. ¶1, Ex. A.)

9. "For purposes of determining diversity jurisdiction, a corporation is a citizen to two states: (1) its state of incorporation; and (2) the state of its principal place of business." 28 U.S.C. § 1332(c). Defendant is a Delaware corporation with its principal place of business located in Charlotte, North Carolina. (Compl. ¶2, Ex. A.)

**Complete Diversity Exists**

10. As set forth above, Defendant is not a citizen of Minnesota. Plaintiff is a citizen of and resides in Minnesota. Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332.

**Amount in Controversy**

11. This action also meets the amount-in-controversy threshold. The standard for determining whether a plaintiff's claim meets the amount in controversy threshold is

whether the district court finds, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. 28 U.S.C. § 1446(c)(2)(B).

12. Courts generally may consider actual damages, compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *see also* 28 U.S.C. § 1446(c)(2)(A)(i).

13. Plaintiff's Complaint seeks wage loss, emotional distress, and punitive damages (among other things). (Compl. ¶¶80 and 83, Ex. A.)

14. Plaintiff's Complaint also seeks an award of attorneys' fees. (*Id*. at Prayer for Relief.)

15. Finally, at the outset of this case, Plaintiff declined Defendant's offer to enter into a stipulation that the alleged damages in this case are less than the $75,000 jurisdictional amount.

16. While Defendant vigorously opposes Plaintiff's claimed entitlement to attorneys' fees and punitive damages, those allegations by Plaintiff ensure that the amount in controversy exceeds $75,000. Claimed punitive damages and attorneys' fees must be considered when determining whether the amount in controversy exceeds $75,000. *See Capital Indem. Corp.*, 978 F.2d at 438 (noting that attorneys' fees should be included within the amount in controversy); *Tackett v. Kidder*, 616 F.2d 1050, 1053 (8th Cir. 1980) (finding that plaintiff's assertion of a claim for punitive damages pushed the amount in

controversy over the jurisdictional threshold). Indeed, the claimed entitlement to attorneys' fees alone likely meets the jurisdictional requirement.

17. Defendant, therefore, believes in good faith (without any admission as to the merits of those allegations) that Plaintiff's alleged damages exceed the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a), based upon the allegations in his Complaint.

18. Accordingly, this Court has diversity jurisdiction over this matter because the parties are diverse and the amount in controversy exceeds $75,000.

19. Under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), the United States District Court for the District of Minnesota is the appropriate court for removing this action from Hennepin County District Court, Fourth Judicial District, State of Minnesota, where this action was commenced.

20. Promptly upon filing this Notice of Removal, Defendant will provide written notice to Plaintiff's counsel at the address set forth in the Complaint: Jerri C. Adams Belcher, Esq. and Christopher D. Jozwiak, Esq., Baillon Thome Jozwiak & Wanta LLP, 100 South Fifth Street, Suite 1200, Minneapolis, MN 55402.

21. Additionally, on the same date as this Notice of Removal was signed, Defendant filed a copy of this Notice of Removal with the Clerk of Hennepin County District Court, Fourth Judicial District, State of Minnesota (*see* **Exhibit B** – Notice of Filing of Notice of Removal), the district in which this action was commenced at the time this Notice of Removal was filed with this Court.

**WHEREFORE**, Defendant respectfully requests that the above-entitled action now commenced against them in Hennepin County District Court, Fourth Judicial District, State of Minnesota, be removed to this Court.

|  |  |
|---|---|
|  | **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.** |
| Dated: <u>September 24, 2021</u> | *s/Brent D. Kettelkamp* <br> Brent D. Kettelkamp, MN #0394919 <br> Capella Tower <br> 225 South Sixth Street, Suite 1800 <br> Minneapolis, MN 55402 <br> Telephone: 612-339-1818 <br> Facsimile: 612-339-0061 <br> brent.kettelkamp@ogletree.com <br><br> and <br><br> Leah S. Freed, AZ #021332 <br> *pro hac vice* forthcoming <br> Esplanade Center III <br> 2415 East Camelback Road, Suite 800 <br> Phoenix, AZ 85016 <br> Telephone: 602-778-3716 <br> Facsimile: 602-778-3750 <br> leah.freed@ogletree.com <br><br> **Attorneys for Defendant Honeywell International Inc.** |

48443899.1